R. H. BATTLE AND WALTER CLARK, EXECUTORS OF ELEANOR
    SWAIN, v. B. R. LACY, STATE TREASURER.*

(Filed 5 May, 1909.)

**Bond Issues—Repurchase by State—Treasury Assets—Legislative
    Authority—Constitutional Law—"Aye and No" Vote.**

> An act authorizing and directing the State Treasurer to deliver
> certain State bonds, repurchased and held as a cash asset, to the
> payment and satisfaction of a debt against the State does not
> require the "aye and no" vote, and the readings upon the several
> days, in accordance with Article II, section 14, of the Constitution.
> The bonds having theretofore been legally issued, no new debt is
> created by the act, and they are subject to the disposal by the
> Legislature as any other property in possession of the depart-
> ment.

CONTROVERSY without action, submitted to *Lyon, J.,* at April
Term, 1909, of WAKE.

From the judgment in favor of the plaintiffs the defendant
appealed.

*Walter Clark, Jr.,* and *James H. Pou* for plaintiffs.
*Attorney-General Bickett* for defendant.

BROWN, J.   At the session of 1909 the General Assembly
enacted a law intended to be in full settlement of a claim of
the estate of David L. Swain against the State, which has been
the subject of negotiation between the estate of the late Gov-
ernor Swain and the State authorities for many years.   This
settlement has been accepted by the representatives of said
estate, but the Treasurer refuses to deliver the bonds called for,
because the act was not passed in accordance with Article II,
section 14, of the Constitution, providing that "No law shall be
passed to raise money on the credit of the State or to pledge
the faith of the State, directly or indirectly, for the payment
of any debt,   *   *   *   unless the bill for the purpose shall
have been read three several times in each house of the General
Assembly and passed three several readings, which readings shall
be on three different days and agreed to by each house, respect-

---

*CLARK, C. J., took no part in the decision of this case.

ively, and unless the yeas and nays on the second and third readings shall have been entered on the journal." The act in question reads as follows:

"Section 1. That the State Treasurer be and he is hereby authorized and directed to deliver to the said Walter Clark and Richard Battle, executors of Eleanor H. Swain, deceased, $3,500, par value, of the four-per-cent bonds of this State, of the series issued under the act of March 4, 1879, with interest coupons attached, only from the ratification of this act. This payment is to be in full satisfaction and discharge of said indebtedness.

"Sec. 2. This act shall be in force from and after its ratification.

"In the General Assembly read three times, and ratified this 6th day of March, A. D. 1909."

From the facts agreed it appears that the act of 4 March, 1879, was enacted in strict accordance with the section of the Constitution above cited, and that the bonds referred to in the act of 1909 are bonds heretofore issued under the act of 1879 and purchased by the State Treasurer as a cash investment and carried as treasury bonds or cash, and not canceled. It appears also that since the Legislature of 1879 authorized the issue of certain bonds it has been customary for the Treasurer to buy and sell the said bonds, as the condition of the treasury might require; and from time to time certain of said bonds have been repurchased and held in the treasury, and the same were available for resale or for such other disposition as might be made of them by the General Assembly; that the General Assembly of 1887 directed that the claim due the estate of the Rev. Solomon Pool be settled and discharged by the delivery of certain of said bonds, and the said debt was so discharged by the delivery of the same, and other claims against the State or departments of the State Government have been liquidated by the delivery of bonds in like manner.

Upon these facts it would seem that the act of 1909 does not raise money on the credit of the State and does not pledge the faith of the State. The act simply directs the payment of the sum agreed upon out of the cash assets of the treasury, and does

not create a new debt. The bonds in question are not due and have never been canceled. They are negotiable securities, in daily circulation..

It is not pledging the faith of the State for the General Assembly to order the State Treasurer to pay a debt with money. Upon the same principle it is not pledging the faith of the State for the General Assembly to order the State Treasurer to pay a debt by delivering over some of these bonds, previously issued, in lieu of money.

These bonds having been legally issued, the faith of the State is pledged absolutely until they mature and are redeemed by the State; and if any of these bonds, by any means, come into the possession of any department of the State, they are subject to such disposal as the General Assembly may order, as much so as any other property in the possession of that department.

While, of course, the State Treasurer has no power to invest his surplus cash in other bonds and securities, there can be no reasonable objection to his investing it temporarily in the State's own obligations which have not matured for the purpose of saving interest, and holding the same as cash assets, to be reconverted into money or paid out as such, as the exigencies of the State require. At least, such has been the custom, and in accordance with that custom the bonds covered by the act of 1909 are held in the treasury as so much cash. The judgment is

Affirmed.